UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**EZEKIEL LEE MIDKIFF,**

  Plaintiff,

v.            Civil Action No. 2:18-cv-00338

**NANCY BERRYHILL,**
Acting Commissioner of
Social Security,

  Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the magistrate judge's Proposed Findings and Recommendation ("PF&R"), filed by the plaintiff, Ezekiel Lee Midkiff ("Claimant"), on December 27, 2018.

### I. Procedural History

On February 22, 2018, Claimant instituted this civil action pursuant to 42 U.S.C. § 405(g). Claimant seeks judicial review of defendant Nancy A. Berryhill's ("Commissioner") administrative decision, which denied his application for disability insurance benefits and supplemental security income.

This action was referred to United States Magistrate Judge Cheryl A. Eifert for consideration in accordance with 28

U.S.C. § 636(b)(1)(B) and the standing order in this district. Claimant and the Commissioner have filed cross motions for judgment on the pleadings.

Claimant asserts that the ALJ abused her discretion by refusing to consider a July 2017 medical opinion from Claimant's psychiatrist, Dr. Casdorph, that was not filed until one day before Claimant's administrative hearing. The ALJ found that the Claimant had failed to comply with the Five-Day Rule.[1] Pl.'s Mem. in Supp. J. on the Plead. 1. The Claimant argues that an exception to the rule applied because there was a "reasonable possibility" this evidence would "affect the outcome of the claim" and was not sooner presented because of an "unavoidable circumstance" beyond Claimant's control. Id. at 5; 20 C.F.R. § 404.935(b)(3).[2]

---

[1] The Five-Day Rule, see 20 CFR 404.935, permits an ALJ to decline to consider evidence not submitted at least five business days before the claimant's administrative hearing, unless certain exceptions, see 20 C.F.R. § 404.935(b), apply.

[2] An ALJ must accept evidence not submitted at least five days prior to the administrative hearing if "he or she has not yet issued a decision and [the claimant] did not . . . submit the evidence before the deadline because:
    "(3) Some other unusual, unexpected, or unavoidable circumstance
    beyond [the claimant's] control prevented [claimant] from . . .
    submitting the evidence earlier. Examples include, but are not
    limited to:
    (i) [The claimant] w[as] seriously ill, and [the] illness
    prevented [claimant] from contacting [the ALJ] in person, in
    writing, or through a friend, relative, or other person;
    (ii) There was a death or serious illness in [claimant's]
    immediate family;
    (iii) Important records were destroyed or damaged by fire or
    other accidental cause; or

The magistrate judge filed her PF&R on December 20, 2018 and found that: "the ALJ's rejection of Dr. Casdorph's July 2017 opinion on the basis" that an exception did not apply "was a correct application of the law and supported by substantial evidence," concluding that "Claimant did not establish good cause" for an exception under 20 C.F.R. § 404.935(b)(3). Consequently, "the Appeals Council was not required to review the new evidence and determine whether it established a basis to remand the decision to the ALJ." PF&R 25, 33, 35-36. Furthermore, "the ALJ properly considered and weighed the evidence from Claimant's treating psychiatrist, Dr. Casdorph." The magistrate judge recommends that the plaintiff's request for judgment on the pleadings be denied, that the Commissioner's request to affirm the decision of the Commissioner be granted, and that this action be dismissed. PF&R 36.

Claimant advances three objections. First, he challenges the magistrate judge's determination that Claimant's failure to comply with the Five-Day Rule warranted the ALJ's rejection of Dr. Casdorph's July 2017 medical opinion ("July 2017 opinion"). See Claimant's Objections to PF&R ("Obj.") 2.

---

(iv) [The claimant] actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing."
20 C.F.R. § 404.935(b)(3).

3

Second, he supports that same objection by objecting to the magistrate judge's reliance upon Freeman v. Colvin, 2015 WL 4041733 at *1 (D. Me. July 1, 2015), arguing it was inapplicable.  Third, he objects to the magistrate judge's so-called "post hoc analysis" in "weigh[ing] and reject[ing] Dr. Casdorph's 2017 medical opinion as probative."  Id. at 3, 5.  The Commissioner filed a response on January 2, 2019, contending that Claimant's objections should be denied because they "reargue the very same issues raised by [Claimant] in h[is] initial brief" and because Claimant "has not identified any credible legal errors" in the magistrate judge's PF&R.  Id.

Neither party has objected to the magistrate judge's recitation of the standards for (1) reviewing the Commissioner's final decision, or (2) the sequential evaluation process.  Those same two components of the PF&R, see PF&R 3-5, are deemed to apply on review before the undersigned.

### III. The Objections

First, Claimant specifically objects to the fact that the ALJ "never explained what, if any, exceptions" to the Five-Day Rule were considered, even though, according to Claimant, the "regulations clearly impose a duty of explanation on the ALJ in cases where good cause" under the 20 C.F.R. § 404.935(b)(3)

4

exception "is found not to exist." Obj. 2. Claimant asserts it was an unavoidable circumstance that the July 2017 opinion did not exist until two days before his administrative hearing and argues that the ALJ should have explained why such an exception would not have applied. See Pl.'s Mem. in Supp. J. on the Plead. 6; Obj. 2.

In support of this proposition, Claimant cites See v. Washington Metropolitan Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994), and "81 Fed. Reg. 90988 (Dec. 16, 2016)," but appears to have intended to cite 81 FR 90987-01 (Dec. 16, 2016). However, 81 FR 909807-01 and See are entirely devoid of such an imposition. The magistrate judge thoroughly explained the inadequacy of Claimant's proffered excuse that it was impossible to furnish the July 2017 opinion timely because it did not exist more than five days before the hearing. It was, however, the Claimant's responsibility to provide the evidence on time or demonstrate an exceptional reason why the Claimant failed to get it timely, including whether he actively and diligently sought the late-filed evidence. See PF&R 23-25. This objection is deemed to be without merit.

Second, Claimant pursues the same objection by taking exception to the magistrate judge's "appli[cation]" by analogy to Freeman v. Colvin, 2015 WL 4041733, at *1 (D. Me. July 1,

5

2015), inasmuch as Claimant asserts that there is a "key difference" between Freeman and the present case. Obj. 3. He explains that in Freeman, the untimely medical opinion existed, but was not discovered or submitted in a timely fashion, whereas here, the July 2017 opinion "could not have been discovered, obtained, and submitted to the Court more than five days prior to the administrative hearing because it did not exist until July 24, 2017, and the hearing took place on July 26, 2017." Obj. 3.

In arguing this point, Claimant essentially sets forth the same argument raised in his brief, namely, that (1) the "unusual, unexpected, or unavoidable circumstance" exception under 20 C.F.R. § 404.935(b)(3) should apply because the July 2017 opinion did not exist until two days before the hearing, and, (2) according to Claimant, he thus could not have complied with the Five-Day Rule. Claimant further asserts that, inasmuch as the ALJ was "notified in writing that Dr. Casdorph intended to provide an updated medical opinion via hearing testimony," the ALJ should have accepted the July 2017 opinion.

As stated, the magistrate judge thoroughly addressed this argument in her PF&R and explained why the exception did not apply here. See PF&R 23-25. Additionally, the fact that the ALJ received notice of Dr. Casdorph's plan to testify has no

6

bearing on her ability to reject medical evidence not submitted at least five days prior to the administrative hearing. See 20 CFR § 404.935.

Finally, Claimant objects to the magistrate judge's alleged "post hoc analysis to conclude that Dr. Casdorph's 2017 medical opinion would not have, in any way, disturbed the ALJ's conclusion that the June 2015 opinion was inconsistent with the treatment records." Obj. 5. He claims that, in making this determination, the magistrate judge improperly "reviewed both existing medical records, as well as new medical records not before the ALJ, and has weighed and compared the 2017 opinion (unseen by the ALJ) to the 2015 opinion." Id.

The magistrate judge only examined the July 2017 opinion, however, in order to address an argument raised by the Claimant, namely, that the July 2017 opinion "'certainly would have helped the ALJ understand' the June 2015 opinion." PF&R 31 (quoting Pl.'s Mem. in Supp. J. on the Plead. at 9). In response, the magistrate judge noted that "an examination of the July 2017 opinion reveals very little information that was not already available at the time the ALJ considered Dr. Casdorph's June 2015 opinion." PF&R 31. It is true that any reliance by the magistrate judge upon the July 2017 opinion would have been improper for purposes of reviewing whether the ALJ's decision

was supported by substantial evidence. But that was not the reason the magistrate judge examined the July 2017 opinion. She did so instead to address the very objection the Claimant was making. As the Commissioner correctly points out, the magistrate judge "carefully considered [Claimant's] arguments in the context of the ALJ's decision and the entire record, sufficiently addressed Plaintiff's arguments, and articulated specific reasons as to why [Claimant's] challenges did not merit disruption of the ALJ's decision." ECF No. 12 at 2.

III. Conclusion

Accordingly, having received the PF&R and Claimant's objections, and having reviewed the record de novo, it is ORDERED:

1. That the Claimant's objections to the PF&R be, and hereby are, overruled;

2. That the proposed findings and recommendations of the magistrate judge be, and hereby are, adopted in their entirety;

3. That the Claimant's request for judgment on the pleadings be, and hereby is, denied;

4. That the Commissioner's request for judgment on the pleadings be, and hereby is, granted;

5. That the decision of the Commissioner be, and hereby is, affirmed; and

6. That the Claimant's action be, and hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward all copies of this judgment order to all counsel of record and the United States Magistrate Judge.

ENTER: March 19, 2019

John T. Copenhaver, Jr.
Senior United States District Judge